# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. BORAX INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-cv-01661-MAK |
| v. | : | |
| | : | |
| MARK ZAMEK, | : | |
| | : | |
| Defendant. | : | |

## REPORT OF RULE 26(f) MEETING

Under Federal Rule of Civil Procedure 26(f), the Court's May 19, 2019 Order and this Court's Policies, counsel for the parties conferred on June 10, 2019 and submit the following report of their meeting for the Court's consideration at the initial pretrial conference on June 14, 2019.

**1. Discussion of Specific Claims, Defenses and Relevant Issues**

**Plaintiff's Position:**

Plaintiff U.S. Borax Inc. ("Borax") this action against Mark Zamek for (1) breach of contract; (2) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; (3) misappropriation of trade secrets under the Pennsylvania Uniform Trade Secrets Act ("PUTSA"), 12 Pa. C.S.A. § 5301, et seq. (4) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (5) conversion; (6) breach of the fiduciary duty of loyalty; and (7) interference with existing contractual relationship.

Borax notified Mr. Zamek in September 2018 that his employment would end in December. At the time of his departure, Borax provided Mr. Zamek with a six-figure severance payment. Borax later learned that, between September and December 2018, Mr. Zamek negotiated a job offer with Borax's main competitor, Etimine USA, Inc. ("Etimine"), and

downloaded hundreds of confidential and trade secret documents from Borax's computer systems onto two USB drives, only one of which was returned to Borax. Although Plaintiff has repeatedly denied—under oath and otherwise—taking, using or disclosing any USB drive or any Borax documents, his new employer, Etimine, disclosed just last week that it discovered Mr. Zamek downloaded several of Borax's confidential and trade secret documents to his desktop computer at Etimine, including Borax's rail rates, customer information, and a compilation of sales data. At least one of those documents was on the USB drive Mr. Zamek claims not to have taken from Borax. Etimine has indicated it will produce additional Borax documents it discovered on Mr. Zamek's computer by June 14, 2019, and that it will complete its search for and produce additional documents (if any are discovered) in the next several weeks. The evidence from Etimine confirms that Mr. Zamek breached his confidentiality agreement with Borax, misappropriated Borax's trade secrets, converted Borax's property, violated the Computer Fraud and Abuse Act, and knowingly gave false testimony in an effort to conceal his misconduct.

In addition, to taking Borax's confidential and trade secret information and sharing it with Borax's largest competitor, Mr. Zamek interfered with Borax's business relationships while he was employed at Borax. Borax discovered that an important Borax customer sent Mr. Zamek a signed amendment to extend a sales contract through December 31, 2019. Mr. Zamek subsequently told his supervisor that there was no amendment in place and sent a new proposed amendment to the customer with terms that were less favorable for the customer than the ones that had already been signed by the parties. Those actions caused the customer to test prices in the marketplace from competitors such as Etimine. Borax eventually found the executed contract and was able to secure the customer's business through 2019 after Mr. Zamek left. But

this demonstrates that Mr. Zamek breached his duty of loyalty and interfered with Borax's relationship with its customer while he was working at Borax. Borax believes this one example only scratches the surface of Mr. Zamek's actions to undermine Borax's business interests while he was working for Borax.

Borax will need additional written discovery and depositions of Etimine and Mr. Zamek as well as further analysis of Mr. Zamek's personal computer(s) and digital storage devices to determine the extent of the information Mr. Zamek took from Borax and what he did with that information. Borax believes that analysis needs to include search terms, but the parties have not yet been able to come to an agreement about the running of search terms. Borax thinks the search terms need to be broader than the titles of the documents on the USB drive because the evidence from Etimine shows that Mr. Zamek transferred documents to his Etimine computer that were not on the USB and it is also possible Mr. Zamek could have changed the file names of documents that were on the USB.

Defendant disputes Plaintiff's designation of certain documents as "attorneys' eyes only." That designation is proper because the documents contain highly confidential and trade secret information, such as strategy and supply chain cost information and key customer contracts. Borax would suffer great damage if the documents got into the hands of its key competitor and Mr. Zamek's employer, Etimine. Pursuant to the parties' confidentiality agreement, Mr. Zamek is permitted to share the documents with an expert. Further, Plaintiff has agreed that it will not violate the terms of the Confidentiality Agreement for defense counsel to generally describe the documents to Mr. Zamek without providing specific substantive details about contract terms, customers, strategy, or numbers in the documents. For example, defense counsel could tell Mr. Zamek that a document refers to Borax's supply chain costs, rail rates, truck rates, etc. without

revealing any of the numbers in that document. Because Mr. Zamek is familiar with the documents that are marked attorneys' eyes only—indeed, he admits he downloaded them to a USB drive—it will be sufficient for his attorney to refresh his memory regarding the subject matter of any such document without revealing the substantive details of those documents. In the alternative, he can hire an expert to analyze them. In either case, his defense will not be hindered by failing to see the specific numbers or other information that is confidential to Borax.

**Defendant's Position:**

Mr. Zamek denies liability and moved to dismiss a majority of the claims in the Complaint for failure to state a claim. *See* ECF Doc. No. 25. Borax's lawsuit is based on the accusation that Mr. Zamek stole 650 files of confidential information and trade secrets that were downloaded to a USB drive while he was still a Borax employee. However, when the Borax representative who verified the Complaint was deposed on May 10, 2019, he admitted that the averments alleging wrongdoing were based on suspicions and not proof. Nevertheless, Mr. Zamek voluntarily agreed to expedited discovery, during which he produced his personal laptop for an exhaustive examination by Borax's forensic consultant. Borax has not produced a report from its forensic consultant with the results of the examination, but we believe such a report should help clear up some misunderstandings.

Mr. Zamek has not worked for Etimine since it was notified about this lawsuit in April of 2019 and placed him on administrative leave. On May 7, 2019, Etimine's outside counsel wrote to Borax and stated that Etimine had "conducted a thorough investigation" and that the "investigation confirmed that Mr. Zamek has not shared anything with Etimine that could be deemed trade secrets of US Borax."

Thus far, Borax has been unwilling to produce all of the documents it claims that Mr. Zamek allegedly stole so that he can access whether they contain trade secrets. On May 16, 2019, the Court compelled Borax to, *inter alia*, "produce the documents which it asserts are trade secrets or are otherwise subject of this lawsuit" by May 24, 2019. *See* ECF Doc. No. 23. Borax has failed to produce all of these documents. Further, Borax has made it impossible for Mr. Zamek to evaluate whether the documents Borax has produced are in fact "trade secrets" since it has designated *all* of these documents as "attorneys' eyes only." Mr. Zamek's counsel is not qualified to evaluate Borax's documents for such purposes and it is essential that Mr. Zamek be permitted to participate in his defense. In fact, there is no one more qualified to assist in review of these documents than Mr. Zamek and he should not be compelled to hire an expert for such purposes.[1]

On June 10, 2019, Borax produced three documents that it claims were received through a subpoena to Etimine (which was served on Etimine prior to providing notice to Mr. Zamek's counsel in violation of Rule 45(a)(4)). Borax has represented that these documents were on Mr. Zamek's computer at Etimine and that they contain Borax's trade secrets. However, since Borax has labeled these documents as "attorneys' eyes only," Mr. Zamek is unable to confer with his counsel about them.

2. **Stipulated Facts**

- Mark Zamek began his employment at U.S. Borax Inc. ("Borax") on May 22, 2000.

---

[1] *See Merit Indus., Inc. v. Feuer*, 201 F.R.D. 382 (E.D. Pa. 2001)(finding that information sought through discovery will not be designated attorneys' eyes only where the discovery is for a legitimate purpose, access to such documents by defendants is necessary to assist in their own defense, and where access serves the interest of fairness and efficiency); *Caldon, Inc. v. Advanced Measurement & Analysis Group, Inc.*, 2007 WL 4571165, at *2 (W.D. Pa. Dec. 27, 2007)(refusing to grant a protective order designating trade secret information as attorneys' eyes only where defendant failed to show that a clearly defined and serious injury would result if plaintiff had access to the information); *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, 2015 WL 11112432, at *2 (W.D. Pa. Oct. 28, 2015), aff'd, 2015 WL 12756857 (W.D. Pa. Nov. 24, 2015)(declining to grant attorneys' eyes only designation where defendant failed to articulate real risk of harm, show good cause for the heightened designation and where designation would prevent party from participating in their own prosecution of the action). *See also Glenmede Trust*

- On May 23, 2000, Mr. Zamek signed an agreement with Borax titled "Agreement Regarding Confidential Information, Inventions and Intellectual Property."

- The "Agreement Regarding Confidential Information, Inventions and Intellectual Property" states: "I will not, without the Company's prior written permission, disclose to anyone outside of the Company or use in other than the Company's business, whether during or after my employment, any information or material of the Company, or any information or material received in confidence from third parties by the Company, which is deemed by the Company in its sole discretion to be confidential."

- The "Agreement Regarding Confidential Information, Inventions and Intellectual Property" states: "I will return all property of the Company in my possession, including all confidential information or material such as drawings, notebooks, customer lists, reports and other documents, as well as any copies of the same."

- In the last few months of his employment at Borax, Mr. Zamek downloaded Borax documents to two personal USB drives.

- Mr. Zamek gave one of those USB drives to his successor Orion Graham during his last week of employment at Borax.

- On or around the morning of December 28, 2018, Mr. Zamek returned his two company-issued laptops to Borax and left the premises.

- Mr. Zamek did not give the second USB drive to any Borax employee prior to the end of his employment at Borax.

- Mr. Zamek testified that he threw the second USB drive out in a trashcan in a Borax conference room.

- Mr. Zamek's last day of employment with Borax was on January 2, 2019.

- Prior to leaving Borax, Mr. Zamek did not tell anyone at Borax that he was planning to work for Etimine USA Inc. ("Etimine").

- Etimine is Borax's largest competitor.

- While he was still working at Borax, Mr. Zamek had discussions with Etimine about potentially taking a job at Etimine.

- Mr. Zamek began working for Etimine USA Inc. on January 7, 2019. Since April 26, 2019, Mr. Zamek has been on administrative leave from Etimine.

---

*Company v. Thompson*, 56 F.3d 476, 483 (3rd Cir.1995)(recognizing the factors which may be considered in evaluating whether good cause exists for confidential designation of information obtained in discovery).

3. **Informal Disclosures**

Plaintiff and Defendant served their initial disclosures on June 4, 2019.

4. **Formal Discovery**

On May 7, 2019, the Court granted Plaintiff's Motion for Expedited Discovery. The parties immediately served interrogatories and document requests and responses thereto and Plaintiff produced documents. On June 10, 2019, Defendant deposed Colin Thomson—Defendant's supervisor when he was employed at Borax. On June 14, 2019, Plaintiff deposed Defendant. Plaintiff has made several subsequent document productions in response to the Court's May 16, 2019 Order granting Defendant's motion to compel in part.

Plaintiff engaged a forensic consultant who conducted the following analysis of Mr. Zamek's personal laptop: (1) deletion history between September 11, 2018 and the present, (2) search for signs of suspicious activity between September 11, 2018 and the present, (3) file and folder history search between September 11, 2018 and the present, (4) internet search history review between September 11, 2018 and the present, (5) search for the names of the files on the USB drives, and (6) history of USB drives attached to Mr. Zamek's laptop between September 11, 2018 and the present. Plaintiff has also proposed running a list of search terms related to Borax's products and customers.

Further, Plaintiff has served subpoenas on Etimine seeking to obtain any Borax documents and non-public information Defendant uploaded to Etimine's computer systems. Most recently, on May 31, 2019, Plaintiff served a subpoena for the production of documents on Etimine. On June 7, 2019, Etimine produced documents in response to that subpoena and has indicated it is continuing to conduct a search of its systems for responsive documents and

information.  Etimine expects to produce additional documents by June 14, 2019 and to conclude its analysis in a few weeks.  On June 7, 2019, Plaintiff also served a subpoena on Etimine for a 30(b)(6) deposition to take place on June 21, 2019 for the purpose of obtaining testimony concerning the nature of its search for documents that were downloaded and/or transferred to its computer systems by Mr. Zamek, and regarding the results of that search.  Plaintiff and Etimine are currently negotiating the date of that deposition, but currently anticipate it will occur in late July or early August subject to witness availability and Etimine's need for additional time to complete the search of its computer systems.

In addition to seeking information and documents from Etimine, Plaintiff anticipates needing to take a second deposition of Mr. Zamek in light of the new evidence that indicates to Plaintiff that his prior testimony was false.  Plaintiff will seek to run search terms on Mr. Zamek's laptop and may need to expand the proposed search terms. The parties have not come to an agreement on search terms.

Defendant plans on taking additional discovery to address the claims and allegations made in the Amended Complaint.  He also anticipates taking 30(b)(6) depositions for the same purpose, and expert depositions if appropriate.

The parties propose that fact discovery conclude on September 12, 2019 and that dispositive motions be due on October 27, 2019.

**5.     Electronic Discovery**

The parties have exchanged certain electronic discovery thus far by agreement.  They will continue their efforts  to work amicably in regard to  additional electronic discovery.  In the event the parties agree to use search terms , they will work together to determine search terms

and to minimize any costs of production. The parties will first attempt in good faith to resolve any production issues among themselves without involving the Court.

6. **Expert Witness Disclosures**

    **Plaintiff:**

    Plaintiff engaged Michael Nelson to conduct a forensic analysis of Defendant's computer. It is possible that he will provide an expert report in this matter.

    Plaintiff has not yet engaged an expert to address the question of whether documents and information taken by Mr. Zamek qualify for "trade secret" protection. If Plaintiff decides to engage such an expert witness, it will disclose the identity of any such witness by August 13, 2019.

    **Defendant:** Defendant may seek to engage a forensic expert as well as an expert who will opine about whether the documents at issue are "trade secrets." Defendant may also retain an expert on the issue of alleged damages by Plaintiff.

7. **Settlement or Resolution**

    Plaintiff is open to participating in a settlement conference after additional discovery is received from Etimine about any Borax documents or non-public information that Defendant uploaded to Etimine's computer systems.

    Defendant is agreeable to participating in an early settlement conference without preconditions.

8. **Trial**

    The parties agree that an estimated length of trial would be 4-5 days.

9. **Referral to Magistrate Judge**

The parties do not agree to a referral to a Magistrate Judge at this time.

10. **Other Matters**

<u>**Plaintiff:**</u>

Plaintiff does not currently anticipate adding Etimine as a defendant in this action, because Etimine has indicated through its attorneys that it is also a victim of Mr. Zamek's conduct. Etimine has indicated, again throughout its attorneys, that it did not know Mr. Zamek was downloading or transferring Borax documents to its computer systems, that it did not intend for any such conduct to occur, and that it is concerned by its discovery of Mr. Zamek's actions. Thus, at least for now, Etimine is cooperating with Plaintiff in its efforts to determine the extent to which Mr. Zamek downloaded or transferred Borax's confidential documents and information to its computer systems.

Plaintiff plans to seek leave to amend its Complaint to add a claim that Mr. Zamek breached his severance agreement, which contains a confidentiality provision and a requirement that he return all Borax's property and documents.

Defendant disputes whether Plaintiff has complied with the Court's March 16th Order. Plaintiff has made a good faith effort to comply with the Court's order. Plaintiff searched for and produced all available documents by the deadline and has made two subsequent productions of documents as it has continued to locate documents. Plaintiff is continuing to try to retrieve and produce documents in response to that Order. However, because of the circumstances in which the documents were originally downloaded by Mr. Zamek onto his Borax-issued computer, as well as the Borax's processing of that computer shortly after his departure per its IT

policies, those documents are not immediately available, and it has been difficult to locate and retrieve them from Plaintiff's computer systems.

**Defendant:**

Defendant has disputed Plaintiff's designation of documents as "attorneys' eyes only" and believes that Plaintiff has not produced documents in full compliance with the Court's May 16, 2019 Order (ECF Doc. No. 23).

Respectfully submitted,

| | |
|---|---|
| By: s/ Casey Green<br>Casey Green<br>Rachel Dennis<br>Sidkoff, Pincus & Green, P.C.<br>2700 Jefferson Tower, 1101 Market Street<br>Philadelphia, PA 19103<br><br>Attorneys for Defendant Mark Zamek<br><br>Dated: June 12, 2019 | By: s/ Rachel C. Stone<br>Janice G. Dubler<br>Rachel C. Stone<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>1735 Market Street, Suite 3000<br>Philadelphia, PA 19103<br><br>Attorneys for Plaintiff U.S. Borax Inc.<br><br>Dated: June 12, 2019 |