IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BORAX INC. | : CIVIL ACTION |
| | : |
| v. | : NO. 19-1661 |
| | : |
| MARK ZAMEK | : |

## ORDER-MEMORANDUM

**AND NOW**, this 26th day of July 2019, upon considering the Defendant's partial Motion to dismiss (ECF Doc. No. 39), Plaintiff's Response (ECF Doc. No. 44), and finding Plaintiff sufficiently pleads conversion not barred by the gist of the action doctrine and damages for breach of fiduciary duty, but cannot plead a claim for interference with an existing contractual relationship when it admittedly did not lose the contractual relationship, it is **ORDERED** Defendant's partial Motion to dismiss (ECF Doc. No. 39) is **GRANTED in part** and **DENIED in part**:

1. **GRANTED** as to Plaintiff's claim for interference with existing contractual relationship;

2. **DENIED** as to Plaintiff's claims for conversion and breach of fiduciary duty; and

3. Defendant shall (unless Plaintiff files an amended Complaint in the interim)[1] file an answer to the remaining claims on or before **August 9, 2019**.

---

[1] Our July 12, 2019 Order (ECF Doc. No. 43) grants Plaintiff leave to file an amended Complaint with third party claims on or before August 5, 2019.

*Analysis*

U.S. Borax, Inc. sued its former Regional Sales Manager Mark Zamek for conduct relating to his departure and hiring by its competitor Etimine USA, Inc. Borax's allegations focus on Mr. Zamek's conduct in copying confidential materials from its computers now found on Etimine's systems, theft of its trade secrets, and a failed effort to discourage a customer from renewing a contractual relationship. It seeks injunctive relief and damages for breach of an employee confidentiality agreement and severance agreement; misappropriation of trade secrets under the Pennsylvania Uniform Trade Secret Act and the Federal Defend Trade Secrets Act; violation of the Computer Fraud and Abuse Act; conversion; breach of fiduciary duty of loyalty; and interference with an existing contractual relationship. Mr. Zamek now moves to dismiss only the conversion, fiduciary duty, and interference claims. We deny his motion except as to Borax's inability to plead interference with a contractual relationship it did not lose.

*Borax pleads conversion.*

Borax alleges Mr. Zamek converted Borax's confidential information by downloading files onto flash-drives and sending emails to his personal email address, wrongfully taking its confidential information through his misconduct including violating Borax's Acceptable Use Policy.[2] Mr. Zamek moves to dismiss the conversion claim arguing it is barred by the gist of the action doctrine because the claim arises from contract, not tort. Borax responds the gist of the action doctrine does not bar its claim even though its confidential information may also be the subject of the parties' confidentiality and severance agreements. Borax alleges it has a property right in its confidential information beyond the agreements.[3]

---

[2] ECF Doc. No. 36 at ¶¶ 28-57, 109.

[3] *Id.* at ¶ 108.

The gist of the action doctrine "'maintain[s] the conceptual distinction between breach of contract claims and tort claims[,]' and precludes plaintiffs from recasting ordinary breach of contract claims as tort claims."[4] The doctrine bars claims "1) arising solely from the contractual relationship between the parties; 2) when the alleged duties breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim."[5]

The "mere existence of a contract between the parties does not automatically foreclose the parties from raising a tort action," but a "party cannot prevail on its action of conversion when the pleadings reveal merely a damage claim for breach of contract."[6] "[H]owever, '[w]hen a plaintiff has a property interest in the thing that is the subject of a [conversion] claim, the gist of the action doctrine does not bar recovery under a conversion theory even though the property may also be the subject of a contract.'"[7]

Under Pennsylvania law, conversion is defined as "the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful

---

[4] *McShea v. City of Phila.*, 995 A.2d 334, 339 (Pa. 2010) (quoting *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002)).

[5] *Chong v. 7-Eleven, Inc.*, No. 18-1542, 2019 WL 1003135, at *14 (E.D.Pa. Feb. 28, 2019) (quoting *Reardon v. Allegheny Coll.*, 926 A.2d 477, 486 (Pa. Super. 2007)).

[6] *Brown & Brown, Inc. v. Cola*, 745 F.Supp.2d 588, 623 (E.D.Pa. 2010) (quoting *Neyer, Tiseo & Hindo, Ltd. v. Russell*, No. 92-2983, 1993 WL 53579, at *4 (E.D. Pa. Mar. 2, 1993)).

[7] *Id.* (quoting *Orthovita, Inc. v. Erbe*, No. 07-2395, 2008 WL 423446, at *6 (E.D. Pa. Feb. 14, 2008)).

justification."[8] Borax's pleaded property interest in its documents arise from "societal norms, not the parties' contracts."[9] At the motion to dismiss stage, we "'should be slow to dismiss claims under the gist of the action doctrine' because '[f]ederal civil procedure allows parties to plead multiple claims as alternative theories of liability.'"[10] Borax plausibly pleads a claim for conversion based on its property interest in its confidential documents and materials and the gist of the action doctrine does not bar recovery in tort "despite the fact that the property is also the subject of a separate contract."[11]

### *Borax pleads breach of fiduciary duty.*

Mr. Zamek moves to dismiss the breach of fiduciary duty under the gist of the action doctrine because Borax fails to allege damages. We will not dismiss at this stage based on gist of the action. Mr. Zamek argues the basis of both claims is an allegation of deceptive conduct taken with regard to a key customer, but Borax did not suffer injury because, by its own pleading, his efforts to divert the business of the key customer "were *almost* successful." Borax responds although it managed to secure the key customer's business, it still suffered injury to its goodwill with the key customer.[12]

---

[8] *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 529 (E.D. Pa. 2012) (quoting *Francis J. Bernhardt, III, P.C. v. Needleman*, 705 A.2d 875, 879 (Pa. Super. 1997)).

[9] *Brown & Brown*, 745 F.Supp. 2d at 623.

[10] *Chong*, 2019 WL 1003135 at *14 (quoting *Orthovita*, 2008 WL 423446, at *4).

[11] *Brown & Brown*, 745 F. Supp. 3d at 623.

[12] ECF Doc. No. 36 at ¶¶ 66, 112, 117.

Loss of goodwill may constitute injury.[13] Borax plausibly alleges injury based on a loss of goodwill with this customer and otherwise. Even assuming we find it cannot prove goodwill following discovery, it may prove a breach of fiduciary duty for other conduct incorporated in this claim. If proven, Mr. Zamek acted in his own interest rather than his master's interest.

### *Borax admits a continuing contractual relationship precluding an interference claim.*

Mr. Zamek moves to dismiss the intentional interference with contractual relations claim because, as a matter of law, a corporation cannot interfere with its own contract.[14] And, because a corporation only acts through its agents, Mr. Zamek as an employee of Borax could not have interfered in the any contract between Borax and its key customer. Under Pennsylvania law, an intentional interference with contract claim requires three parties; a tortfeasor who intentionally interferes with a contract between the plaintiff and a third person.[15] If Mr. Zamek acted within the scope of his employment with Borax, there is no third party interference. Mr. Zamek additionally argues even if he could have acted as a third party to interfere in Borax's contract with its key customer, Borax fails to allege damages. Mr. Zamek again points to Borax's allegations his alleged deceptive acts with regard to the key customer "were *almost* successful."

---

[13] *See GeoDecisions v. Data Transfer Solutions, LLC*, No. 10-2180, 2010 WL 5014514, at * 9 (M.D. Pa. Dec. 3, 2010) (loss of good will sufficient to satisfy irreparable harm in granting preliminary injunction); *Quaker Chemical Corp. v. Varga*, 509 F.Supp. 2d 469, 478-79 (E.D. Pa. 2007) (injury to goodwill a legitimate business interest sufficient to show irreparable harm); *Fisher Bioservices, Inc. v. Bilcare, Inc.*, No. 06-567, 2006 WL 1517382, *20 (E.D. Pa. 2006) (injury to goodwill and use of a company's confidential information are injuries constituting irreparable harm that cannot be compensated with monetary damages); *National Business Services, Inc. v. Wright*, 2 F. Supp.2d 701, 709 (E.D. Pa. 1998) (potential injury to goodwill constitutes irreparable harm sufficient for permanent injunction).

[14] *Nix v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*, 596 A.2d 1132, 1137 (Pa. Super. 1991).

[15] *Maier v. Marrietti*, 671 A.2d 701, 707 (Pa. Super. 1995).

Borax responds Mr. Zamek acted outside the scope of his employment or agency, pointing to its allegations Mr. Zamek deceived his supervisor by reporting no amendment in place for a key customer and sent a new proposed amendment to the customer with less favorable terms causing the customer to turn to the market to test prices from competitors such as Etimine, and then, after he began work with Etimine, contacted the same customer in an attempt to make a sale.[16] Borax argues these allegations show Mr. Zamek's purposeful attempt to "sabotage" Borax's business demonstrating he acted outside the scope of his employment making him a third party to Borax's contract with its key customer. "A corporation's employee can act as a third party, however, when the employee is acting outside the scope of employment."[17] It is Borax's burden to establish Mr. Zamek acted outside the scope of his employment.[18] Accepting as true the facts alleged by Borax and all reasonable inferences that can be drawn from them, which we must do on a motion to dismiss, it is at least plausible Mr. Zamek acted outside the scope of his employment as to this key customer.

But Borax cannot state a claim for interference with a contractual relationship it did not lose. To state a claim for intentional interference with contractual relations, Borax must allege "(1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of

---

[16] ECF Doc. No. 36 at ¶¶ 61-66.

[17] *Tucker v. Merek & Co., Inc.*, No. 02-2421, 2002 WL 31689256, at * 2 (E.D. Pa. Dec. 2, 2002) (citations omitted).

[18] *Id.*

6

privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct."[19]

At issue is the fourth element—actual legal damage as a result of Mr. Zamek's conduct. In the context of an intentional interference with contractual relations claim, there must be an allegation of breach or nonperformance.[20] "The nonperformance need not be permanent or complete, but it must be sustained for some period."[21] "Actual legal damage" required to state a claim for intentional interference with contractual relations means "damages ... that flow from [a plaintiff's] loss of 'some benefit to which [it] was entitled by contract.'"[22] An allegation of a "failed attempt to sever the relationship is not sufficient to state a claim."[23]

Borax concedes Mr. Zamek's attempts to drive away or steal the key customer were not successful and, in fact, Borax "secure[d] the customer's business through the remainder of 2019."[24] It alleges only Mr. Zamek's actions "are certain to have damaged Borax's goodwill with this customer ...."[25] Borax argues loss of goodwill is sufficient to satisfy the damages element of a

---

[19] *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 384 (3d Cir. 2004).
[20] *Dreiling Millennium Trust II v. Reliant Renal Care, Inc.*, 833 F. Supp. 2d 429, 434 (E.D. Pa. 2011). In *Dreiling,* Judge Goldberg examined whether actual breach or nonperformance of a contract is necessary to sustain an intentional interference with contractual relations claim. After reviewing case law and the Restatement (Second) of Torts, § 766 defining the tort and adopted by Pennsylvania law, Judge Goldberg concluded a plaintiff bringing an intentional interference claim must allege breach or nonperformance and "actual legal damage" flowing from a loss of a benefit under the contract. *Id.* at 434-35. We are persuaded by Judge Goldberg's cogent analysis.

[21] *Id.*

[22] *Id.* at 435 (quoting *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. 1994)).

[23] *Id.* (citations omitted).

[24] ECF Doc. No. 36 at 66.

[25] *Id.*

7

claim for intentional interference with contractual relations, citing *Ace American Insurance Co. v. Wachovia Insurance Agency Inc.*[26] In *Ace American Iinsurance Co.*, our Court of Appeals found an allegation of loss of goodwill may demonstrate irreparable harm sufficient for a preliminary injunction.[27] The case did not address a claim for intentional interference with contractual relations or examine "actual legal damage" required to sustain such a claim and, for that reason, does not support Borax's damages argument.

Borax fails to plead the key customer refused to enter into a contract or otherwise did not perform under the contract and "actual legal damage" showing a loss of some benefit to which Borax is entitled under the contract with the key customer. Having failed to sufficiently plead a claim for intentional interference with contractual relations, we dismiss it.

KEARNEY, J.

---

[26] 306 F. App'x 727 (3d Cir. 2009).

[27] *Id.* at 731.