IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BORAX, INC. | : |
| | : CIVIL ACTION |
| PLAINTIFF, | : NO. 5:19-cv-01661-MAK |
| v. | : |
| | : JURY TRIAL DEMANDED |
| MARK ZAMEK | : |
| | : |
| DEFENDANT. | : |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Mark Zamek ("Defendant" or "Zamek"), by and through his counsel, Sidkoff, Pincus & Green, P.C., responds to the Second Amended Complaint of Plaintiff, U.S. Borax, Inc., ("Plaintiff" or "Borax") as follows:

**INTRODUCTION**

1. Admitted in part; denied in part. Zamek admits only that he: downloaded certain documents onto two USB drives; forwarded emails from his Borax email account to a personal email account at some points during employment with Borax; had some negotiations with Etimine (who competes with Borax) while employed with Borax; began working for Etimine after his employment ended with Borax; and did not sign a declaration that Borax's attorney sent to his attorney. The remaining allegations are denied because they are factually incorrect, contain legal conclusions to which no response is necessary, refer to written documents that speak for themselves, or because Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2. Admitted in part; denied in part. Zamek admits that the Second Amended Complaint alleges those claims, but Zamek denies liability as to all such claims.

1

## JURISDICTION AND VENUE

3. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

4. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

5. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

## THE PARTIES

6. Admitted.

7. Denied. Zamek lives in New Jersey and is a citizen of New Jersey.

## ZAMEK'S EMPLOYMENT WITH BORAX AND ALLEGED CONFIDENTIALITY OBLIGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted in part; denied in part. Zamek admits only that he had access to certain information related to the categories stated in this averment. Zamek also denies Borax's characterization of the information provided to him as being "trade secrets and confidential and proprietary information," as a legal conclusion that has not been supported by evidence.

12. Admitted in part; denied in part. Zamek admits only that he had access to certain information related to the categories stated in this averment. Zamek also denies Borax's characterization of the information provided to him as being "confidential strategy information."

13.     Denied.  Zamek does not know what specific information is being referenced and therefore he lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     Admitted in part; denied in part.  It is admitted only that: Zamek signed a confidentiality agreement that is Exhibit 1 to the Second Amended Complaint; Zamek believes that Borax uses password protected computers; Borax may have a confidentiality notice at sign-on; and there may be policies and procedures that Borax has concerning confidentiality.  The remaining allegations are denied because Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     Denied.  Zamek began working for Borax a day prior to signing the agreement attached as Exhibit 1 to the Second Amended Complaint; and he further denies the characterization of this document, which speaks for itself and is the best evidence of what is contained therein.

16.     Admitted in part; denied in part.  It is admitted that Zamek signed the Confidentiality Agreement on May 23, 2000, but the characterization of it as "such agreement" is denied.  The Confidentiality Agreement is a written document that speaks for itself and is the best evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Confidentiality Agreement.

17.     Denied as stated.  The Confidentiality Agreement is a written document that speaks for itself and is the best evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Confidentiality Agreement.

18. Denied as stated. The Confidentiality Agreement is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Confidentiality Agreement.

19. Denied as stated. The Confidentiality Agreement is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Confidentiality Agreement.

20. Denied as stated. Zamek's deposition testimony is contained in written transcript that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the transcript of his testimony.

21. Denied. Zamek believes he was notified on or around that day but cannot say for certain. Therefore, Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. Admitted in part; denied in part. It is admitted that Zamek signed the Severance Agreement on January 2, 2019. The remaining allegations are denied as the Severance Agreement is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Severance Agreement.

23. Denied as stated. The Severance Agreement is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any

attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Severance Agreement.

24.     Denied as stated.  The Severance Agreement is a written document that speaks for itself and is the best evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Severance Agreement.

25.     Denied as stated.  The Severance Agreement is a written document that speaks for itself and is the best evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Severance Agreement.

26.     Denied as stated.  Zamek's deposition testimony is contained in written transcript that speaks for itself and is the best evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the transcript of his testimony.

27.     Denied as stated.  The Severance Agreement is a written document that speaks for itself and is the best evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Severance Agreement.

**ZAMEK'S ALLEGED STEALING, USE, AND DISCLOSURE
OF CONFIDENTIAL BORAX INFORMATION**

28.     Denied.  Zamek did not download, take or steal Borax confidential documents for an improper purpose after learning his employment would be terminated; and while Zamek did have discussions with Etimine about potential employment, such discussions had nothing to do with Borax's "confidential documents."

29. Denied as stated. Zamek's deposition testimony is contained in written transcript that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the transcript of his testimony.

30. Denied as stated. Zamek's deposition testimony is contained in written transcript that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the transcript of his testimony.

31. Denied. While Zamek assumes that Borax employees learned he was working for Etimine, he does not know who knew or when they knew. Therefore, Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34. Admitted in part; denied in part. Zamek admits only to downloading Borax files to USB drives, but he does not know the precise number of files or when they were specifically downloaded, so the remaining allegations are denied.

35. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). By way of further response, Zamek does not know what Borax knows and cannot speculate about that.

36. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). By way of further response, Zamek specifically denies ever downloading any documents while employed at Borax that "fell outside of his job responsibilities."

37. Denied. These averments are denied because Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations (and specifically those relating to 21 documents that are not individually identified or attached), which has the effect of a denial under Rule 8(b)(5). These averments are also denied because Zamek's deposition testimony is contained in written transcript that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the transcript of his testimony.

38. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41. Denied. These averments are denied because Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations (and specifically those relating to 49 documents that are not individually identified or attached), which has the effect of a denial under Rule 8(b)(5). These averments are also denied because Zamek's deposition testimony is contained in written transcript that speaks for itself and is the best

evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the transcript of his testimony.

42. Admitted in part; denied in part.  It is admitted only that Zamek provided one USB drive to the employee who took over his job duties and that Zamek had also downloaded documents to a second USB.  The remaining averments are denied because Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43. Denied.  Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

44. Admitted in part; denied in part.  It is admitted only that Zamek has repeatedly explained his recollection of what happened to the second USB, which is that he disposed of it in a Borax conference room.  Zamek denies that this is not "credible."  Zamek's deposition testimony is also contained in written transcript that speaks for itself and is the best evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the transcript of his testimony.

45. Denied.  These allegations contain legal conclusions and are therefore denied.

46. Denied.  Zamek does not know what "Borax's analysis" consisted of or what time period is even being discussed (i.e., there is no reference to a period of time as to when Borax is alleging such downloads occurred during Zamek's approximately 20 year employment) and he therefore lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47. Admitted in part; denied in part.  Zamek does not know what Borax's analysis consisted of so he therefore lacks knowledge or information at this time sufficient to form a

8

belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). By way of further response, Zamek has no recollection of having emails blocked and does not believe that there was anything improper in the emails which were admittedly sent and forwarded by his counsel to Borax after the termination of his employment.

48.     Denied. Zamek denies setting up his email account to "automatically forward emails to his personal account around this time.

49.     Denied. The Acceptable Use Policy is a is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Acceptable Use Policy.

50.     Denied. The Acceptable Use Policy is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Acceptable Use Policy.

51.     Denied as stated. Zamek's deposition testimony is contained in written transcript that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the transcript of his testimony. By way of further response, Zamek denies breaching any agreement, an averment which is a legal conclusion that does not require a response.

52.     Admitted in part; denied in part. It is admitted only that Zamek received a letter from Borax, but the remaining averments are denied. The letter is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant

denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the letter.

53. Admitted.

54. Admitted in part; denied in part. It is admitted that counsel for the parties had communications and that Zamek did not agree to sign the document that was presented to him by counsel for Borax. However, the characterizations of that document are denied.

55. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

56. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

57. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

58. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

### ZAMEK'S ALLEGED INTERFERENCE WITH BORAX'S RELATIONSHIP WITH A KEY CUSTOMER

59. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

60. Denied. Zamek did not commit such unlawful acts.

61. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). By way of further response, no customer name has been identified by Borax.

62. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

63. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). By way of further response, although no customer has been identified by Borax, Zamek denies these allegations are accurate with respect to any customer.

64. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

65. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). By way of further response, although no customer has been identified by Borax, Zamek denies these statements are accurate with respect to any customer.

66. Denied. Zamek denies the characterizations of himself and also lacks knowledge about Borax's relationship with this unidentified customer; and therefore, Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## COUNT I – Preliminary and Permanent Injunction

67. Denied. The allegations of this paragraph do not require a response.

68. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

69. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

70. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

71. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

72. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

73. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment or to any of the relief sought, and Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that Defendant be awarded his costs and attorneys' fees, along with such other relief as this Court deems equitable and just.

## COUNT II – Breach of Contract- Confidentiality Agreement

74. Denied. The allegations of this paragraph do not require a response.

75. Admitted in part; denied in part. The allegations of this paragraph contain legal conclusions and are therefore denied; although it is admitted only that Zamek signed the Confidentiality Agreement.

76. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

77. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

78. Denied. The Confidentiality Agreement is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any

attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Confidentiality Agreement.

79. Denied. The Confidentiality Agreement is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Confidentiality Agreement.

80. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

81. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment or to any of the relief sought, and Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that Defendant be awarded his costs, along with such other relief as this Court deems equitable and just.

## **COUNT III – Breach of Contract- Severance Agreement**

82. Denied. The allegations of this paragraph do not require a response.

83. Admitted.

84. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

85. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

86. Denied. The Severance Agreement is a written document that speaks for itself and is the best evidence of what is contained therein. Therefore, Defendant denies any attempt

by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Severance Agreement.

87.     Denied.  The Severance Agreement is a written document that speaks for itself and is the best evidence of what is contained therein.  Therefore, Defendant denies any attempt by Plaintiff to characterize, interpret, paraphrase or quote selectively from the Severance Agreement.

88.     Denied.  The allegations of this paragraph contain legal conclusions and are therefore denied.

89.     Denied.  The allegations of this paragraph contain legal conclusions and are therefore denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment or to any of the relief sought, and Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that Defendant be awarded his costs and attorneys' fees, along with such other relief as this Court deems equitable and just.

## COUNT IV – Misappropriation of Trade Secrets- PUTSA

90.     Denied.  The allegations of this paragraph do not require a response.

91.     Denied.  The allegations of this paragraph contain legal conclusions and are therefore denied.

92.     Denied.  Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

93.     Denied.  The allegations of this paragraph contain legal conclusions and are therefore denied.  For all allegations that are not legal conclusions, Zamek lacks knowledge or

information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

94. Denied. Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

95. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied. For all allegations that are not legal conclusions, Zamek lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

96. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied. For all allegations that are not legal conclusions, Zamek specifically denies such allegations.

97. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

98. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment or to any of the relief sought, and Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that Defendant be awarded his costs and attorneys' fees, along with such other relief as this Court deems equitable and just.

### COUNT V – Misappropriation of Trade Secrets- DTSA

99. Denied. The allegations of this paragraph do not require a response.

100. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

101. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied. For all allegations that are not legal conclusions, Zamek specifically denies such allegations.

102. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied. For all allegations that are not legal conclusions, Zamek specifically denies such allegations.

103. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

104. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

105. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

106. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment or to any of the relief sought, and Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that Defendant be awarded his costs and attorneys' fees, along with such other relief as this Court deems equitable and just.

## **COUNT VI – Conversion**

107. Denied. The allegations of this paragraph do not require a response.

108. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

109. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied. For all allegations that are not legal conclusions, Zamek specifically denies such allegations.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment or to any of the relief sought, and Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that Defendant be awarded his costs, along with such other relief as this Court deems equitable and just.

## COUNT VII – Breach of the Fiduciary Duty of Loyalty

110. Denied. The allegations of this paragraph do not require a response.

111. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

112. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied. For all allegations that are not legal conclusions, Zamek specifically denies such allegations.

113. Denied. The allegations of this paragraph contain legal conclusions and are therefore denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment or to any of the relief sought, and Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that Defendant be awarded his costs, along with such other relief as this Court deems equitable and just.

## COUNT VII – Interference with Existing Contractual Relationship (Dismissed)

114-117. Denied. No response is required as this Count was Dismissed.

## AFFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Defendant upon which relief may be granted.

2. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, laches, and the doctrine of unclean hands.

3. Plaintiff's claims are barred by its own prior and/or superseding breach of contract.

4. Plaintiff's alleged damages are the result of acts or omissions committed by Plaintiff or by non-parties to this action over whom Defendant has no responsibility or control.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment or to any of the relief sought, and Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that Defendant be awarded his costs, along with such other relief as this Court deems equitable and just.

## JURY TRIAL DEMANDED

Defendant demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: August 8, 2019    /s/ Casey Green
Casey Green
Rachel Dennis
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Ste. 2700
Philadelphia, PA 19107
Telephone: (215) 574-0600
Facsimile: (215) 574-0310
cg@sidkoffpincusgreen.com
rdennis@sidkoffpincusgreen.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed *Defendant's Answer to Plaintiff's Second Amended Complaint and Affirmative Defenses* with the Clerk of Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

>/s/ Casey Green
>Casey Green
>Sidkoff, Pincus & Green, P.C.
>1101 Market Street, Ste. 2700
>Philadelphia, PA 19107
>Telephone: (215) 574-0600
>Facsimile: (215) 574-0310
>cg@sidkoffpincusgreen.com
>
>*Counsel for Defendant*

Dated:  August 8, 2019